Related DDJ
Fee Paid

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT - 8 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

William Young and Jennifer Young
18342 Nicklaus Road
Yorba Linda, CA 92886
Phone: 714-333-6009
Fax: 714-455-7107
Email: jbyshen@yahoo.com
Plaintiffs In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

William Young and Jennifer Young,

Plaintiffs,

vs.

Charles Schwab & Co., Inc.; Comerica Bank, N.A.; First Bank; and DOES 1–10,

Defendants.

Case No.: 8:25-cv-02271-MRA-ADS

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

1. **Violation of Procedural Due Process** (42 U.S.C. § 1983-Fourteenth Amendment)
2. **Unlawful Seizure and Deprivation of Property** (42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)
3. **Negligence Per Se** (Violation of California Code of Civil Procedure §§ 699.520, 700.010, 700.140, and 701.010)
4. **Conversion** (Common Law – Unauthorized Seizure, Possession, and Transfer of Plaintiffs' Funds)
5. **Aiding and Abetting Fraud / Civil Conspiracy** (Common Law and 42 U.S.C. § 1983 – Joint Participation Under Color of Law)
6. **Unfair Business Practices** (Violation of California Business and Professions Code § 17200)
7. **Civil Conspiracy to Violate Rights** (42 U.S.C. § 1985(3))
8. Declaratory and Injunctive Relief (28 U.S.C. §§2201–2202; Injunctive Relief under 42 U.S.C. §1983)

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

Plaintiffs William Young and Jennifer Young respectfully clarify that this civil action is brought solely against three private financial institutions - Charles Schwab & Co., Inc. ("Schwab"), Comerica Bank, N.A. ("Comerica"), and First Bank ("First Bank") - for their independent and coordinated misconduct in unlawfully levying, freezing, liquidating, and transferring Plaintiffs' assets.

This lawsuit does **not** seek to impose liability upon any judicial officers, courts, sheriffs, or governmental agencies. Rather, it focuses exclusively on the private collusion between these financial institutions and a non-party conspirator known as Collect Co (a private collection company), through which Plaintiffs' property was wrongfully seized and converted under the guise of judicial authority.

Plaintiffs allege that Defendants' actions were not inadvertent or administrative mistakes, but deliberate and coordinated violations of law - executed with full knowledge that the underlying levy documents were void, lacking jurisdiction, and unsupported by any valid writ of execution or notice of levy.

This distinction is essential to preserve the viability of Plaintiffs' claims and to clarify that this action concerns private misconduct committed under color of law, not challenges to judicial or governmental immunity. Plaintiffs reserve the right to assert claims against public entities or officials only if discovery later reveals direct participation in the private conspiracy alleged herein.

## COMPLAINT

Plaintiffs, William Young and Jennifer Young, allege as follows:

## INTRODUCTION

1.    This is a civil rights and tort action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and related state laws to remedy egregious violations of Plaintiffs'

constitutional and property rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.    Plaintiffs allege that Charles Schwab & Co., Inc. ("Schwab"), Comerica Bank, and First Bank, acting jointly and in concert with a private collection entity known as Collect Co, engaged in a coordinated scheme to seize, freeze, liquidate, and transfer Plaintiffs' personal and retirement assets under color of law but without valid legal process, notice, or jurisdiction.

3.    The so-called "Writs of Execution" and "Notices of Levy" upon which Defendants relied were not valid judicial instruments but products of collusive manipulation between Collect Co and certain personnel within the Orange County Superior Court Clerk's Office. These documents, though appearing in the court's electronic record, were fraudulently generated and jurisdictionally void, falsely identifying Plaintiffs - the original judgment creditors - as judgment debtors.

4.    Defendants' conduct constituted not merely technical violations but intentional acts of collusion, deceit, and reckless disregard for California's execution statutes and the constitutional guarantees of procedural due process and property protection. Defendants cannot claim good-faith reliance on court records because the defects in these instruments were facially apparent, jurisdictionally improper, and repeatedly brought to their attention through Plaintiffs' written objections and supporting documentation.

5.    Plaintiffs emphasize that this action concerns private collusion under color of law, in which Defendants knowingly misused judicial forms and sheriff-execution mechanisms to carry out unlawful seizures and transfers of property. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered financial loss exceeding $280,000, severe emotional distress, reputational injury, and continuing harm. Plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief, and all other remedies necessary to restore their rights and property.

**6.** Plaintiffs further allege that, during the course of the unlawful enforcement scheme, Defendants engaged in affirmative acts that demonstrate not only negligence but active collaboration with Collect Co. In particular, on March 5, 2025, Schwab sent a written communication to the Orange County Sheriff's Department that was copied to Collect Co (**Andrew Phan**) and to Plaintiffs, disclosing Plaintiffs' account balances and stating that Plaintiffs had "sufficient funds" available for levy in the amount of $235,358.90, an amount corresponding to a purported Writ of Execution dated November 20, 2024. In that same letter, Schwab's legal team even asked: *"Please advise what further action, if any, Schwab may be required to take in regard to the accounts."* Such an inquiry - made to a private collection company and law-enforcement officials about how to act against its own customer - shows Schwab's complete alignment with the fraudulent actor and utter disregard for its fiduciary and statutory duties. Despite multiple direct written notices to Schwab's senior executives and legal team, Schwab proceeded to liquidate Plaintiffs' accounts at a higher amount (nearly $280,000) and to transfer the proceeds directly to Collect Co - actions taken without valid service of enforcement documents and without giving Plaintiffs their statutorily required notice and opportunity to be heard. These facts demonstrate willful blindness and active participation by Schwab's corporate actors in the fraudulent enforcement scheme and underscore that Defendants cannot hide behind any "ministerial" or "facial validity" defense.

**7.** Plaintiffs further allege that the same pattern of reckless and unlawful conduct extended to Comerica Bank, N.A., and First Bank, both of which participated in the fraudulent enforcement scheme initiated by Collect Co.

**8.** On November 21, 2024, Comerica sent Plaintiffs a "Bank Account Levy" notice riddled with blatant errors - misidentifying the creditors as "Brandon M. Byars et al.," while "Byars" is the defendant and judgment debtor of the 2018 judgement, naming Collect Co's attorney **Andrew Phan** as the "creditor's representative," while they never met, and even listing the "Court" as the "Santa Clara County Sheriff Department." Such

misstatements reveal not clerical confusion but a complete abdication of duty by a
regulated financial institution charged with safeguarding customer rights.

9.      Similarly, First Bank received only a defective "Notice of Levy" without
any valid Writ of Execution, yet froze Plaintiffs' accounts within two days of receipt -
well before the expiration of the ten-day objection period required by law - and
transferred the funds roughly two weeks later, without providing the legally required
notice or opportunity to contest. Plaintiffs had already sent detailed written objections
explaining the fraudulent nature of the levy, but First Bank ignored those objections and
proceeded. These actions - by three separate banks in parallel - underscore that this was
not an isolated error, but a coordinated campaign of willful blindness and collusion that
stripped Plaintiffs of their property without due process of law.

## JURISDICTION AND VENUE

10.      This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331**,
because this action arises under the Constitution and laws of the United States, including
**42 U.S.C. §§ 1983 and 1985(3)**. The Court also has supplemental jurisdiction over
Plaintiffs' related state-law claims under **28 U.S.C. § 1367**, as those claims derive from
the same nucleus of operative facts and form part of the same case or controversy.

11.      Venue is proper in the Central District of California, Southern Division
under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving
rise to the claims occurred in Orange County, California, where Plaintiffs reside and
where Defendants' unlawful acts - including the levying, freezing, and transfer of
Plaintiffs' assets - took place.

12.      Each Defendant transacted business, maintained offices, or otherwise
purposefully availed itself of the privilege of conducting activities within this District,
thereby establishing personal jurisdiction and making this District the proper and
convenient forum for resolution of this controversy.

## PARTIES

**13.** Plaintiffs William Young and Jennifer Young are, and at all relevant times were, residents of Orange County, California. Plaintiffs are senior citizens and lawful owners of the assets and accounts that were wrongfully seized, liquidated, and transferred as described herein. Mr. Young is an eighty-year-old disabled Vietnam veteran who has served the United States with honor.

**14.** **Defendant Charles Schwab & Co., Inc. ("Schwab")** is a national financial institution and securities brokerage firm headquartered in Westlake, Texas. Schwab conducts business throughout the State of California, including maintaining customer accounts for Plaintiffs in Orange County. At all relevant times, Schwab acted by and through its officers, compliance personnel, and in-house legal department.

**15.** **Defendant Comerica Bank, N.A. ("Comerica")** is a national banking association headquartered in Dallas, Texas, with branch offices throughout California, including within this District. Comerica, through its agents and employees, participated in the unlawful levy, freeze, and transfer of Plaintiffs' bank accounts without lawful process or notice.

**16.** **Defendant First Bank ("First Bank")** is a financial institution organized under the laws of the State of Missouri, authorized to conduct business in California, and operating branches within this District. First Bank, through its branch officers, executed an invalid levy despite lacking a valid writ of execution and despite Plaintiffs' written objections.

**17.** **Non-Party Entity Collect Co ("Collect Co")** is a private collection company that *purported to act* as an assignee of judgment in matters relevant to this case. Although not a party to Plaintiffs' original judgment or to any valid enforcement proceeding, Collect Co's actions are referenced herein **solely to provide context** for Defendants' conduct and coordination. Upon information and belief, Defendants Charles Schwab & Co., Inc., Comerica Bank, and First Bank communicated and cooperated with

Collect Co, and relied on its representations in executing the unlawful levies and transfers described in this Complaint.

18.    At all relevant times, each Defendant and their respective employees and agents acted in concert and conspired with one another and with Collect Co to deprive Plaintiffs of their property and constitutional rights. Each Defendant is jointly and severally liable for the acts, omissions, and injuries described in this Complaint.

## STATEMENT OF FACTS

19.    In 2018, Plaintiffs obtained a civil judgment (the "2018 Judgment") in their favor, and the underlying case was formally closed on **January 22, 2018**. Since entry of the 2018 Judgment, Plaintiffs have at all times remained the lawful judgment creditors, not judgment debtors.

20.    Plaintiffs never assigned, transferred, or sold any interest in the 2018 Judgment to any third party, including the private entity known as **Collect Co**. Nevertheless, Collect Co—without standing or jurisdiction—falsely represented itself as an assignee and judgment creditor and began using falsified documents to initiate unlawful levies.

21.    Plaintiffs allege that Collect Co, acting in coordination with certain personnel within the Orange County Superior Court Clerk's Office, manipulated case entries and levy directions, causing the issuance of so-called "Writs of Execution" and "Notices of Levy" that falsely identified Plaintiffs as judgment debtors and misdirected enforcement to the **Santa Clara County Sheriff**. These instruments, though appearing in the court's electronic system, were fraudulently procured, facially inconsistent with the 2018 Judgment, and jurisdictionally void.

22.    Plaintiffs have never met or communicated with anyone from Collect Co and had no relationship with that entity. Nonetheless, Collect Co's falsified documents were used to trigger levies against Plaintiffs' personal and retirement accounts.

**23.**     Throughout 2024 and 2025, Plaintiffs repeatedly filed and served written **Objections** and supporting materials with each of the Defendant banks, explaining that the purported writs and levies were fraudulent, that the 2018 case was closed, that Plaintiffs were the original judgment creditors, and that the levies lacked jurisdiction and validity. Despite receiving this actual notice, each Defendant disregarded the warnings and proceeded to act on Collect Co's instructions.

**24.**     The events that followed involved **three separate financial institutions - Charles Schwab & Co., Inc., Comerica Bank, and First Bank -** acting in parallel and in concert with Collect Co, producing a coordinated deprivation of Plaintiffs' property rights under color of law.

**A.     Charles Schwab & Co., Inc.**

**25.**     Defendant **Charles Schwab & Co., Inc. ("Schwab")** committed one of the most egregious violations. Without serving Plaintiffs with any valid Writ of Execution or Notice of Levy, Schwab liquidated Plaintiffs' investment and retirement accounts, selling securities worth approximately **$276,936.85**.

**26.**     Before the liquidation, Schwab failed to effect personal service of any enforcement documents by mail as required by California Code of Civil Procedure §§ 700.010 et seq. Instead, Schwab placed copies of enforcement materials inside its **internal client portal**, which Plaintiffs—because of prior fraudulent emails linked to Collect Co—did not access. Plaintiffs did not open that internal message until March 28, 2025, by which time Schwab had already sold the securities and transferred the proceeds.

**27.**     On March 5, 2025, Schwab's compliance department sent a letter to the Orange County Sheriff's Department, copied to Collect Co (Andrew Phan) and to Plaintiffs. The letter disclosed Plaintiffs' account balances, stated that Plaintiffs had "sufficient funds" available for levy in the amount of **$235,358.90** (corresponding to a purported Writ of Execution dated November 20, 2024), and further asked: "Please advise what further action, if any, Schwab may be required to take in regard to the

accounts."This written inquiry to a private collection company and to law-enforcement personnel concerning its own customer's assets demonstrates Schwab's complete alignment with the fraudulent actor and its willful disregard for its fiduciary obligations.

28.    After sending the March 5 letter, Schwab liquidated Plaintiffs' accounts for nearly **$280,000**, a figure exceeding the amount cited in the letter. No valid writ or notice authorizing liquidation at that higher amount was ever served on Plaintiffs.

29.    Plaintiffs sent two FedEx packages - both with signed delivery receipts - to Schwab's **Chief Executive Officer, Rick Wurster**, and to its legal department, followed by multiple email communications to Schwab's executive and compliance offices, explaining the fraudulent nature of the levy and demanding corrective action. Schwab ignored every communication and allowed the liquidation and transfer to proceed.

30.    Upon information and belief, Schwab's internal legal and compliance teams knowingly aided and abetted Collect Co by acting on facially invalid documents, thus participating in the unlawful seizure of Plaintiffs' property under color of law.

**B.    Comerica Bank, N.A.**

31.    Defendant **Comerica Bank, N.A.** received purported enforcement documents directed to the **Santa Clara County Sheriff**, even though the underlying judgment, parties, and assets were located in Orange County. The Santa Clara Sheriff lacked jurisdiction to enforce the judgment, rendering the papers void on their face.

32.    On November 21, 2024, Comerica mailed Plaintiffs a "Bank Account Levy" notice containing multiple material errors:

(a)    misidentifying the creditors as **"Brandon M. Byars et al."**;

(b)    listing Collect Co's attorney Andrew Phan and phone number as the "creditor's representative"; and

(c)    naming the "Court" as the **"Santa Clara County Sheriff Department"** with a case number **24006580** unrelated to Plaintiffs' judgment.

Such misstatements were not trivial; they reflected a total lack of verification and disregard for elementary legal standards.

**33.** Despite receiving Plaintiffs' written Objections - which described the fraud, clarified that Plaintiffs were the lawful judgment creditors, and identified the jurisdictional defect—Comerica's Santa Clara branch froze Plaintiffs' account and processed a transfer based on the invalid levy.

**34.** Plaintiffs allege that Comerica acted with reckless disregard for California law, for Plaintiffs' rights, and for the integrity of the judicial process, thereby aiding and abetting Collect Co's unlawful enforcement efforts.

**C.    First Bank**

**35.** Defendant **First Bank** participated in the same coordinated scheme. On **February 26, 2025**, it received only a **Notice of Levy** from Collect Co, not accompanied by any valid Writ of Execution.

**36.** Within just two days - by February 28, 2025 - First Bank froze Plaintiffs' accounts, well before the expiration of the ten-day objection period mandated by California law. Despite receiving Plaintiffs' detailed written objections and documentation establishing the fraudulent nature of the levy, First Bank refused to lift the freeze or verify the legitimacy of the documents.

**37.** Approximately two weeks later, on or about March 14, 2025, First Bank allowed the funds to be removed and dissipated without lawful process or judicial supervision. This conduct violated statutory notice and timing requirements and reflected willful indifference to Plaintiffs' property rights.

**38.** Plaintiffs allege that First Bank's officers and employees knowingly disregarded their duty to verify the authenticity and completeness of levy documents, acting in concert with Collect Co and thereby participating in the wrongful seizure of Plaintiffs' assets.

### D.    Common Scheme and Collusion

**39.**    Collectively, Schwab, Comerica, and First Bank acted in coordination and mutual reinforcement, each providing a façade of legitimacy to the others' unlawful actions by accepting and processing fraudulent or misdirected levy papers prepared by Collect Co.

**40.**    These actions cannot be dismissed as clerical error. Each Defendant had an independent statutory duty to verify the legitimacy of writs, ensure proper jurisdiction, and provide account-holders notice and opportunity to contest. Instead, each knowingly ignored Plaintiffs' written warnings identifying Collect Co as a fraudulent actor engaged in document fabrication and identity manipulation, and each consciously relied on Collect Co's false representations to justify enforcement.

**41.**    The result was the unlawful seizure and dissipation of more than **$280,000** of Plaintiffs' assets, without notice, due process, or valid judicial authority. Plaintiffs suffered financial devastation, emotional distress, and ongoing deprivation of property rights.

**42.**    Defendants' collective conduct—executed under color of law and in concert with Collect Co—constitutes violations of **42 U.S.C. § 1983**, **42 U.S.C. § 1985(3)**, and multiple provisions of California law, including **CCP §§ 699.520, 700.010, 700.140, 701.010**, as well as common-law **conversion** and **unfair business practices** under **Cal. Bus. & Prof. Code § 17200**.

**FIRST CAUSE OF ACTION**
**Violation of Procedural Due Process**
*(42 U.S.C. § 1983 – Fourteenth Amendment)*

Against Defendants Charles Schwab & Co., Inc., Comerica Bank, and First Bank

**43.**    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**44.**    The Fourteenth Amendment to the United States Constitution prohibits the
deprivation of property without due process of law. To establish a violation of procedural
due process under 42 U.S.C. § 1983, a plaintiff must show:

(a)    the existence of a constitutionally protected property interest;

(b)    a deprivation of that interest under color of law; and

(c)    the absence of constitutionally adequate notice or opportunity to be heard.

*(See Mathews v. Eldridge, 424 U.S. 319 (1976); Mullane v. Central Hanover Bank
& Trust Co., 339 U.S. 306 (1950)).*

**45.**    Plaintiffs possessed protected property interests in their personal and
retirement accounts maintained at Defendants Charles Schwab & Co., Inc. ("Schwab"),
Comerica Bank, and First Bank. These accounts contained savings and investment funds
belonging solely to Plaintiffs.

**46.**    Defendants acted under color of law by executing levies and transfers
purportedly pursuant to Writs of Execution and Notices of Levy that were fraudulently
obtained **and** jurisdictionally void**,** the product of collusion between the private entity
Collect Co and certain personnel within the Orange County Superior Court Clerk's
Office.

**47.**    Each Defendant had a clear statutory duty under California Code of Civil
Procedure §§ 699.520, 700.010, 700.140, and 701.010 **to** verify the authenticity and
jurisdictional validity of any writ or levy documents, to provide timely notice to affected
account holders, and to afford them a ten-day period to object prior to enforcement.

**48.**    Despite these duties, Defendants willfully or recklessly disregarded their
obligations:

(a)    Defendant Schwab failed to provide Plaintiffs with lawful service of a Writ
of Execution or Notice of Levy. Instead, Schwab buried those documents in
its internal client portal, which Plaintiffs - due to prior electronic fraud
linked to Collect Co - did not access before the liquidation. Schwab then

liquidated Plaintiffs' investment and retirement accounts, totaling approximately $276,936.85, and transferred the proceeds directly to Collect Co's private account, bypassing any sheriff or judicial oversight.

(b) Defendant Comerica Bank relied on a writ addressed to the Santa Clara County Sheriff, even though the underlying case and all parties were located in Orange County. The notice contained blatant falsehoods, including the identification of "Brandon M. Byars et al." as creditors and listing "Santa Clara County Sheriff Department" as the issuing court. Despite Plaintiffs' written objections explaining the fraud, Comerica processed the levy and transferred Plaintiffs' funds.

(c) Defendant First Bank received only a defective Notice of Levy without any valid Writ of Execution, yet froze Plaintiffs' accounts within two days, far earlier than the legally required ten-day objection period, and allowed the funds to be withdrawn approximately two weeks later.

**49.** All Defendants acted jointly and in concert with Collect Co, knowingly relying on forged and fraudulent court instruments that were facially inconsistent with the 2018 judgment record and had been expressly identified by Plaintiffs as products of fraud.

**50.** As a direct and proximate result of these acts, Plaintiffs were deprived of more than $280,000 in property without any form of notice, hearing, or lawful process.

**51.** Defendants' conduct was deliberate, reckless, and executed under color of law. It constitutes a violation of Plaintiffs' rights to procedural due process as guaranteed by the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

**52.** As a result of these constitutional violations, Plaintiffs suffered:

(a) the unlawful seizure and loss of property exceeding $280,000;

(b) emotional distress and mental anguish;

(c) reputational harm; and

(d)    continuing deprivation of their constitutional rights.

**53.**    Plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief, and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**
**Unlawful Seizure and Deprivation of Property**
(*42 U.S.C. § 1983 – Fourth and Fourteenth Amendments*)
**Against All Defendants**

**54.**    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**55.**    The **Fourth Amendment** to the United States Constitution, as incorporated to the states through the **Fourteenth Amendment**, protects individuals from unreasonable seizures of their property by government actors or private parties acting jointly with them under color of law. *(Soldal v. Cook County, 506 U.S. 56 (1992)).*

**56.**    A "seizure" of property occurs when there is a meaningful interference with an individual's possessory interests in that property. *(United States v. Jacobsen, 466 U.S. 109 (1984)).* The Fourth Amendment is violated where such interference takes place without lawful judicial authority, probable cause, or procedural safeguards.

**57.**    Plaintiffs' bank and investment accounts constituted personal property protected by the Fourth and Fourteenth Amendments. Defendants Charles Schwab & Co., Inc., Comerica Bank, and First Bank, acting jointly and in concert with Collect Co, intentionally and unlawfully interfered with Plaintiffs' possessory interests in these assets by freezing, liquidating, and transferring funds without lawful writs or valid process.

**58.**    Defendants' actions were not the result of good-faith reliance on facially valid documents. The "Writs of Execution" and "Notices of Levy" they relied upon were **fraudulent instruments**, facially inconsistent with the 2018 Judgment record, and issued without jurisdiction. Defendants were placed on **actual notice** of these defects through

Plaintiffs' multiple written objections, certified letters, and supporting documentation, yet continued to act in concert with Collect Co to deprive Plaintiffs of their property.

59.    **Defendant Schwab** willfully liquidated Plaintiffs' investment and retirement accounts—totaling approximately **$276,936.85**—without providing any pre-seizure notice or post-seizure accounting. Schwab's internal legal department and executives proceeded with liquidation and transfer directly to Collect Co despite actual notice of fraud, thereby executing a knowing and unreasonable seizure under color of law.

60.    **Defendant Comerica Bank** unlawfully froze and released Plaintiffs' account funds pursuant to a writ directed to the **Santa Clara County Sheriff**, an entity without jurisdiction over the underlying Orange County judgment. Comerica's acceptance and execution of this void writ, despite the evident errors identifying wrong creditors and court, constituted an unreasonable and unlawful seizure.

61.    **Defendant First Bank** froze Plaintiffs' accounts within two days of receiving a defective Notice of Levy, prior to the expiration of the ten-day statutory objection period and without any valid Writ of Execution. This premature action, followed by the withdrawal of funds approximately two weeks later, deprived Plaintiffs of their possessory rights without lawful authority or opportunity to contest the seizure.

62.    The actions of all Defendants collectively amounted to **unreasonable seizures** within the meaning of the Fourth Amendment. Their coordinated conduct with Collect Co transformed what should have been a neutral enforcement process into a fraudulent private taking executed under color of state law.

63.    As a direct and proximate result of Defendants' unlawful seizures, Plaintiffs suffered the loss of more than **$280,000**, deprivation of property use, emotional distress, and continued injury to their constitutional rights.

64.    Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiffs' rights under the Fourth and Fourteenth Amendments, entitling Plaintiffs to

**compensatory and punitive damages**, **declaratory and injunctive relief**, and recovery of attorney's fees and costs pursuant to **42 U.S.C. § 1988**.

### THIRD CAUSE OF ACTION
### Negligence Per Se
### (*Violation of California Code of Civil Procedure*
### *§§ 699.520, 700.010, 700.140, and 701.010*)
### Against Defendants

**65.**    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**66.**    Under California law, a violation of a statute enacted to protect a class of persons from a particular type of harm constitutes **negligence per se**. *(See Evid. Code § 669; Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256 (2006)).* The cited provisions of the California Code of Civil Procedure were enacted to ensure fairness, notice, and due process in post-judgment enforcement, and to prevent arbitrary or fraudulent deprivations of property.

**67.**    Each of the following statutory duties applied to Defendants:

(a)    CCP § 699.520 – requiring a valid, court-issued Writ of Execution before any levy may occur;

(b)    CCP § 700.010 – requiring proper service of the writ and notice of levy on the judgment debtor before seizing property;

(c)    CCP § 700.140 – governing levies on deposit accounts, mandating that banks hold funds for at least ten days to allow objections; and

(d)    CCP § 701.010 – prohibiting levies conducted outside the jurisdiction of the issuing court.

**68.**    Defendants owed Plaintiffs a duty to comply with these statutes when responding to any purported levy or writ affecting Plaintiffs' accounts. By failing to do

so, Defendants breached duties imposed by law and designed to protect account holders from wrongful seizure.

**69.**    **Defendant Schwab** breached these duties by liquidating Plaintiffs' investment and retirement accounts without first ensuring the existence or service of a valid writ or notice of levy. Schwab also violated CCP §§ 700.010 and 700.140 by failing to mail written notice and by transferring the proceeds immediately—without the required ten-day holding period—directly to a private party rather than through a sheriff.

**70.**    **Defendant Comerica Bank** breached these same duties by executing a levy pursuant to a writ addressed to the **Santa Clara County Sheriff**, an entity lacking jurisdiction over the Orange County judgment, in violation of CCP § 701.010. Comerica ignored Plaintiffs' written objections and the obvious errors in the levy documents, thereby acting negligently and unlawfully.

**71.**    **Defendant First Bank** violated CCP §§ 699.520 and 700.010 by executing a levy in the absence of any writ of execution and by freezing Plaintiffs' accounts within two days of notice, without honoring the ten-day objection period required by CCP § 700.140. First Bank's failure to verify the completeness and authenticity of the enforcement papers was negligent per se.

**72.**    Defendants' breaches of these statutory duties directly and proximately caused Plaintiffs' injuries, including the loss of over $280,000, deprivation of use of funds, emotional distress, and consequential damages.

**73.**    Because the statutory provisions cited above were specifically intended to prevent the type of harm Plaintiffs suffered—wrongful seizure of property without notice or process—Defendants' violations constitute **negligence per se** under California Evidence Code § 669.

**74.**    Plaintiffs seek judgment against Defendants for **compensatory damages**, **interest**, **costs of suit**, and any other relief the Court deems just and proper.

### URTH CAUSE OF ACTION
### Conversion
### *(Common Law - Unauthorized Seizure, Possession,*
### *and Transfer of Plaintiffs' Funds)*
### Against Defendants

**75.** Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**76.** Under California common law, **conversion** is the wrongful exercise of dominion or control over another's personal property, inconsistent with the owner's rights. To state a claim for conversion, a plaintiff must show:

(a)    ownership or right to possession of property;

(b)    defendant's wrongful act of dominion or control over that property; and

(c)    damage resulting from the defendant's act.

*(See Fremont Indemnity Co. v. Fremont General Corp., 148 Cal.App.4th 97 (2007); Burlesci v. Petersen, 68 Cal.App.4th 1062 (1998)).*

**77.** At all relevant times, Plaintiffs were the lawful owners of the funds held in their investment, savings, and retirement accounts at Defendants Charles Schwab & Co., Inc., Comerica Bank, and First Bank. Plaintiffs had full legal and equitable rights to possess, control, and use these funds.

**78.** Without Plaintiffs' authorization or any valid judicial process, Defendants wrongfully exercised dominion and control over these funds by freezing, liquidating, and transferring them to third parties, including Collect Co, in direct violation of California law and Plaintiffs' property rights.

**79.** **Defendant Schwab** wrongfully liquidated Plaintiffs' investment and retirement accounts totaling approximately **$276,936.85**, and directly wired those proceeds to Collect Co's private account. Schwab undertook this action without possessing or serving any valid Writ of Execution or Notice of Levy and without

affording Plaintiffs the opportunity to contest the seizure. Such conduct constitutes a direct and intentional conversion of Plaintiffs' property.

80.    **Defendant Comerica Bank** froze and released Plaintiffs' account funds pursuant to a **jurisdictionally void writ** addressed to the **Santa Clara County Sheriff**, even though the judgment and Plaintiffs were located in Orange County. Comerica's actions, undertaken with actual notice of the defects and Plaintiffs' objections, represent a deliberate assumption of control over Plaintiffs' property without legal authority.

81.    **Defendant First Bank** wrongfully froze and transferred Plaintiffs' account funds without possessing a valid Writ of Execution, acting solely upon a defective Notice of Levy. First Bank ignored Plaintiffs' written objections and proceeded to remove funds prematurely, thereby unlawfully converting Plaintiffs' property for the benefit of a third party.

82.    The conduct of all Defendants was intentional, willful, and carried out in conscious disregard of Plaintiffs' ownership rights. By directly transferring or facilitating the transfer of Plaintiffs' funds to Collect Co, Defendants each participated in and substantially assisted a fraudulent taking.

83.    As a direct and proximate result of Defendants' conversion, Plaintiffs suffered the loss of over **$280,000**, loss of use of those funds, financial and emotional harm, and consequential damages.

84.    Defendants' conduct was malicious, oppressive, and fraudulent, warranting an award of **punitive damages** in addition to compensatory damages, interest, and costs of suit.

85.    Plaintiffs therefore seek judgment against Defendants for:

(a)    compensatory damages in an amount to be proven at trial;

(b)    punitive and exemplary damages;

(c)    interest and costs of suit; and

(d)    any further relief deemed just and proper by the Court.

## FIFTH CAUSE OF ACTION
### Aiding and Abetting Fraud / Civil Conspiracy
### *(Common Law and 42 U.S.C. § 1983 – Joint Participation Under Color of Law)*
### Against Defendants

**86.** Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**87.** Under California law, a defendant is liable for **aiding and abetting fraud** if it (a) knows the conduct of another constitutes a breach of duty, and (b) gives substantial assistance or encouragement to the other's wrongful acts. *(See Casey v. U.S. Bank N.A., 127 Cal.App.4th 1138 (2005)).*

**88.** A **civil conspiracy** exists when two or more parties agree to commit a wrongful act, act in concert to achieve it, and cause injury thereby. *(See Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503 (1994)).*

**89.** At all relevant times, Collect Co engaged in a pattern of fraudulent conduct by (a) misrepresenting itself as the assignee and creditor of Plaintiffs' 2018 judgment, (b) falsifying court documents to re-designate Plaintiffs as "judgment debtors," and (c) procuring writs of execution and levy papers through collusion with certain personnel within the Orange County Superior Court Clerk's Office.

**90.** Defendants **Charles Schwab & Co., Inc., Comerica Bank, and First Bank** were each placed on actual notice of Collect Co's fraudulent activities through Plaintiffs' repeated written objections, certified mailings, and supporting documentation. Plaintiffs' communications specifically identified the fraudulent provenance of the enforcement documents, the identity manipulation within the court records, and the jurisdictional defects of the levies.

**91.** Despite this knowledge, each Defendant willfully chose to **aid and abet** Collect Co's unlawful acts by providing substantial assistance and cooperation essential to the success of the fraudulent scheme.

(a)  **Defendant Schwab** collaborated directly with Collect Co's agent **Andrew Phan**, disclosing Plaintiffs' confidential account balances and confirming that sufficient funds were available for levy. Schwab then liquidated Plaintiffs' accounts and wired proceeds directly to Collect Co—acts that could not have occurred without Schwab's voluntary cooperation and conscious decision to ignore the fraud.

(b)  **Defendant Comerica Bank** executed a levy based on a writ that was patently void on its face, misidentifying the parties and the issuing court. Comerica's employees corresponded with Collect Co and acted upon its instructions despite Plaintiffs' explicit warnings that Collect Co was not a lawful creditor.

(c)  **Defendant First Bank** likewise accepted and enforced defective levy documents, froze Plaintiffs' accounts prematurely, and remitted funds to third parties in disregard of legal requirements and Plaintiffs' protests, thereby enabling and perpetuating Collect Co's fraud.

92.  Each Defendant's cooperation with Collect Co's unlawful efforts was intentional, substantial, and indispensable to the fraudulent seizure of Plaintiffs' assets. By acting jointly under color of law—purporting to execute judicial writs—Defendants conferred an appearance of legitimacy upon a scheme that was, in reality, **a private theft cloaked in the authority of state process.**

93.  Defendants' conduct constitutes both (a) **aiding and abetting fraud** under California common law, and (b) **joint participation in a conspiracy to deprive Plaintiffs of constitutional rights** under **42 U.S.C. § 1983**. Their actions were knowing, willful, and motivated by improper purpose.

94.  As a direct and proximate result of Defendants' acts and omissions, Plaintiffs suffered financial losses exceeding **$280,000**, loss of property, emotional distress, and reputational harm.

**95.**   Defendants' conduct was intentional, malicious, and oppressive, justifying the imposition of **compensatory and punitive damages**, **declaratory and injunctive relief**, and recovery of **attorneys' fees and costs** under **42 U.S.C. § 1988.**

## SIXTH CAUSE OF ACTION
### Unfair Business Practices
### *(Violation of California Business and Professions Code § 17200 et seq.)*
### Against Defendants

**96.**   Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**97.**   California Business and Professions Code § 17200 (the "Unfair Competition Law" or "UCL") prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice is "unlawful" if it violates any other law; it is "unfair" if it offends established public policy or is immoral, unethical, oppressive, or substantially injurious to consumers; and it is "fraudulent" if it is likely to deceive the public. *(See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163 (1999)).*

**98.**   At all relevant times, Defendants **Charles Schwab & Co., Inc., Comerica Bank, and First Bank** engaged in business practices that were unlawful, unfair, and fraudulent within the meaning of § 17200 by:

(a)   executing levies and seizures based on **fraudulent and void court documents**;

(b)   disclosing Plaintiffs' confidential financial information to third parties without lawful authority;

(c)   failing to provide required notice and opportunity to object before seizing assets;

(d)   transferring funds directly to private entities (including Collect Co) without sheriff or court supervision; and

(e)   collaborating with a known fraudulent actor, Collect Co, to facilitate

unlawful takings of consumer property.

**99.** Defendants' actions violated multiple state and federal statutes and regulations, including but not limited to **California Code of Civil Procedure §§ 699.520, 700.010, 700.140, and 701.010**, **42 U.S.C. §§ 1983 and 1985(3)**, and **common law prohibitions** against fraud and conversion. These statutory violations render Defendants' conduct "unlawful" under § 17200.

**100.** Defendants' conduct was also **unfair and fraudulent** because it:

(a)    undermined the integrity of California's post-judgment enforcement system;

(b)    placed private profit over consumer protection and statutory compliance;

(c)    created a risk of systemic harm to other customers similarly situated; and

(d)    was deceptive, in that Defendants represented to Plaintiffs and third parties that the levies were "lawful" while concealing their jurisdictional defects and fraudulent origins.

**101.** As large, sophisticated financial institutions, Defendants had both the capacity and the obligation to verify the authenticity and legality of court orders before acting. Instead, they chose to implement Collect Co's fraudulent directions, giving the appearance of legitimacy to an unlawful scheme, and thereby engaging in conduct that was unethical, oppressive, and injurious to the public interest.

**102.** As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent practices, Plaintiffs suffered substantial financial losses exceeding **$280,000**, deprivation of use of funds, emotional distress, reputational harm, and related consequential damages.

**103.** Pursuant to **California Business & Professions Code § 17203**, Plaintiffs seek:

(a)    **restitution** of all money wrongfully obtained or transferred;

(b)    **injunctive relief** prohibiting Defendants from engaging in similar unlawful

practices; and

(c)     **fees and costs** pursuant to **Code of Civil Procedure § 1021.5** and all other applicable provisions of law.

**104.** Defendants' conduct was knowing, deliberate, and undertaken in conscious disregard of statutory obligations and public trust, warranting the imposition of exemplary equitable relief.

### SEVENTH CAUSE OF ACTION
### Civil Conspiracy to Violate Rights
### *(42 U.S.C. § 1985(3))*
### Against Defendants

**105.** Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**106.** Under **42 U.S.C. §1985(3)**, it is unlawful for two or more persons to conspire for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and to commit any act in furtherance of such conspiracy, whereby another is injured in person or property or deprived of any right or privilege secured by the Constitution and laws of the United States. *(See Griffin v. Breckenridge, 403 U.S. 88 (1971)).*

**107.** At all relevant times, Defendants **Charles Schwab & Co., Inc., Comerica Bank, and First Bank** knowingly entered into an agreement—explicit or tacit—with **Collect Co** to deprive Plaintiffs of their constitutional rights to due process, property protection, and equal enforcement of the law.

**108.** The object of this conspiracy was to use the **appearance of lawful judicial process** to conceal a fraudulent private taking of Plaintiffs' assets. Defendants agreed, expressly or implicitly, to treat falsified writs and levy papers fabricated by Collect Co as genuine court orders and to carry out those directives despite clear notice of their illegitimacy.

**109.**    Defendants' communications and coordinated conduct—such as Schwab's correspondence with Collect Co's agent **Andrew Phan**, Comerica's execution of a levy under a **Santa Clara writ** unrelated to the case, and First Bank's premature freezing and release of funds—constitute overt acts taken in furtherance of this conspiracy. Each Defendant's participation was essential to the success of the scheme.

**110.**    Defendants' actions were carried out **under color of law**, because they relied upon judicial forms and sheriff-execution mechanisms to confer false legitimacy upon a private fraudulent seizure. By acting jointly with Collect Co and utilizing the machinery of state enforcement, Defendants transformed a private fraud into an instrument of constitutional deprivation.

**111.**    This conspiracy was motivated by a shared improper purpose: to protect and enrich Collect Co and its associates at the expense of Plaintiffs' constitutional rights. Defendants' alignment with Collect Co was knowing, deliberate, and in reckless disregard of the truth and the law.

**112.**    As a direct and proximate result of Defendants' conspiracy, Plaintiffs were deprived of property exceeding **$280,000**, suffered emotional distress, reputational injury, and the continuing denial of constitutional protection.

**113.**    Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiffs' federally protected rights, entitling Plaintiffs to recover **compensatory and punitive damages**, **declaratory and injunctive relief**, and **fees and costs** pursuant to **42 U.S.C. §1988**.

**EIGHTH CAUSE OF ACTION**
**Declaratory and Injunctive Relief (Civil Rights Action)**
*(28 U.S.C. §§ 2201–2202; 42 U.S.C. § 1983)*
**Against Defendants**

**114.**    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

**115.**   This is a **civil action** for declaratory and injunctive relief under **28 U.S.C. §§ 2201–2202** and **42 U.S.C. § 1983**, arising from an ongoing controversy regarding Defendants' unconstitutional conduct in executing fraudulent and jurisdictionally void levies, transferring Plaintiffs' funds without due process, and acting under color of law in concert with a private entity, Collect Co.

**116.**   The Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201–2202, authorizes federal courts in civil cases to "declare the rights and other legal relations of any interested party" when an actual controversy exists. This cause of action seeks purely **civil remedies**—not criminal penalties—and is well established in constitutional and § 1983 litigation. See *Steffel v. Thompson*, 415 U.S. 452 (1974); *Green v. Mansour*, 474 U.S. 64 (1985); *Franklin v. Massachusetts*, 505 U.S. 788 (1992).

**117.**   An actual, substantial, and continuing controversy exists between Plaintiffs and Defendants concerning the legality of Defendants' conduct in performing unconstitutional seizures and cooperating with Collect Co under color of law.

**118.**   Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a **declaration** that:

(a)   Defendants' levies, liquidations, and transfers were unconstitutional and unlawful;

(b)   Defendants acted under color of state law in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments; and

(c)   Any future enforcement or cooperation with Collect Co or similar non-party Actors without valid process and notice would constitute continuing constitutional violations.

119.   Pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1983, Plaintiffs seek **injunctive relief** to prevent recurrence of the same or similar violations. Specifically, Plaintiffs request that this Court issue orders:

(a)   **Enjoining Defendants** from enforcing, recognizing, or facilitating any levy or transfer based on documents issued or requested by Collect Co or any

other non-party entity not lawfully assigned the judgment;

    (b)    **Directing Defendants** to implement internal procedures ensuring compliance with due process, jurisdiction, and notice requirements under state and federal law; and

    (c)    **Requiring Defendants** to provide prompt written notice to Plaintiffs of any attempted levy, garnishment, or similar enforcement action within five (5) days of receipt.

120.   Declaratory and injunctive relief are necessary because Defendants' past conduct demonstrates a pattern of disregard for Plaintiffs' constitutional rights, and there is a real and immediate threat that similar misconduct will recur unless restrained by this Court.

121.   Plaintiffs have no adequate remedy at law to prevent future violations of their rights. Monetary damages alone cannot redress the ongoing risk of further unconstitutional seizures or misuse of judicial process.

122.   Accordingly, Plaintiffs respectfully request that this Court enter judgment **declaring** Defendants' prior conduct unconstitutional and **enjoining** any future participation in similar unlawful activities, and award Plaintiffs **fees and costs** as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs **William Young and Jennifer Young**, acting *pro se*, respectfully request that this Court enter judgment in their favor and against **Defendants Charles Schwab & Co., Inc., Comerica Bank, N.A., and First Bank**, jointly and severally, and grant the following relief:

1.   **Declaratory Judgment** pursuant to 28 U.S.C. § 2201, declaring that Defendants' acts and omissions described herein:

(a)   violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution;

(b)   constituted actions taken under color of state law in violation of 42 U.S.C. § 1983; and

(c)   were fraudulent, unlawful, and void under California law.

2.   **Permanent Injunction** pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1983, enjoining Defendants, their officers, employees, agents, successors, and all persons acting in concert with them, from:

(a)   enforcing, recognizing, or executing any levy, transfer, or seizure of Plaintiffs' funds based on fraudulent or unauthorized documents issued or requested by Collect Co or any non-party entity not lawfully assigned the judgment;

(b)   disclosing or disseminating Plaintiffs' confidential financial information to any third party without lawful authority; and

(c)   failing to provide Plaintiffs with timely and written notice of any attempted levy, garnishment, or restraint affecting their accounts.

3.   **Compensatory Damages** in the amount of **not less than $280,000** for direct financial loss, plus **additional damages of $3,000,000** for emotional distress, reputational harm, and consequential injuries, or such higher amount as may be proven at trial.

4.   **Punitive and Exemplary Damages** in the amount of **$5,000,000**, or such greater sum as the evidence at trial may justify, sufficient to punish and deter Defendants' willful, malicious, fraudulent, and oppressive conduct carried out in reckless disregard of Plaintiffs' constitutional and property rights.

5.   **Restitution and Disgorgement** of all funds wrongfully seized, levied, or transferred from Plaintiffs' accounts, **including but not limited to approximately $280,000** taken by Defendants Charles Schwab & Co., Inc., Comerica Bank, N.A., and

First Bank, jointly and severally, together with any traceable profits, interest, or gains derived therefrom.

6. **Pre-Judgment and Post-Judgment Interest** as permitted by law.

7. **Fees and Costs** of this action pursuant to all applicable provisions of federal and state law, including 42 U.S.C. § 1988(b), and reimbursement of Plaintiffs' allowable filing fees, service expenses, and litigation costs.

8. **Such other and further relief** as this Court may deem just and proper in the interests of justice.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October 8, 2025                    Respectfully Submitted,


____/s/ William Young and /s/ Jennifer Young____

Plaintiffs:  William Young and Jennifer Young