**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM YOUNG, et al.,<br>Plaintiffs,<br>v.<br>CHARLES SCHWAB & CO, INC., et al.,<br>Defendants. | Case No. 8:25-cv-02271-MRA-MBK<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Additionally, the undersigned has independently reviewed Plaintiffs' objections to the Report.

Plaintiffs' Complaint alleges that Defendants unlawfully froze Plaintiffs' bank accounts and allowed the transfer of funds from the accounts due to a writ of execution and notice of levy served by a company called Collect Co. (Dkt. 1 at 3-5, 8-11.) Collect Co. had obtained a state court judgment against

Plaintiffs, who had unsuccessfully challenged, in multiple lawsuits, the validity of their assignment of their interest in a 2018 civil judgment to Collect Co. (Dkt. 40 at 2-4.) The Report recommends the grant of Defendants' motion to dismiss and the dismissal of this action with prejudice. (*Id.* at 14.) Plaintiffs' six objections to the Report do not merit a different result.

First, Plaintiffs object that the Report misapplies the *Rooker-Feldman* doctrine. (Dkt. 41 at 16-17.) The Report found that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine because "the basis of Plaintiffs' Complaint in this action is that the Writs of Execution and Notices of Levy were unlawful because Plaintiffs never assigned their judgment to Collect Co. . . . Plaintiffs essentially ask this Court to find for them on the Assignment issue already decided by the state court." (Dkt. 40 at 13.) Plaintiffs object that they are not challenging a state court judgment as to the validity of the assignment, but instead are challenging Defendants' own "independent" conduct in transferring Plaintiffs' property. (Dkt. 41 at 16-17.) But as the Report explained, if Plaintiff were to succeed in their claims against Defendants, "it would necessarily require this Court to review the state court's determinations and find that the state court was wrong." (Dkt. 40 at 13-14.) The Court agrees with the Report that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. (Dkt. 40 at 12-14.) Plaintiffs' claims in this action can succeed "only to the extent that the state court wrongly decided the issues before it." *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

Also in their first objection, Plaintiffs object that there is no final judgment in their state court action as to the validity of the assignment. (Dkt. 41 at 17.) On the contrary, the record shows that the state court action to

which Plaintiffs refer, in Case No. 30-2022-01281968-CU-FR-CJC, was dismissed with prejudice. (Dkt. 11-14 at 2-3.)

Second, Plaintiffs object that the Report's collateral estoppel analysis fails because the issues decided in state court are not the issues presented in this action. (Dkt. 41 at 17-20.) The Report found that Plaintiffs' claims were barred by collateral estoppel because the issue of the validity of Plaintiffs' assignment to Collect Co. was already litigated and decided in prior proceedings. (Dkt. 40 at 9-12.) Plaintiffs object that the issue in this action is not the validity of the assignment, but rather the independent conduct of Defendants in transferring their property. (Dkt. 41 at 17-18.) But Plaintiffs' attempt to characterize the issues from this action as different, because they purportedly are challenging "independent" conduct, is unavailing. "Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). The Court agrees with the Report that Plaintiffs are improperly attempting in this action to relitigate the issue of the validity of the assignment. (Dkt. 40 at 10.) Indeed, in this action, Plaintiffs again allege that the assignment was invalid because they "never assigned, transferred, or sold any interest in the 2018 Judgment" to Collect Co. (Dkt. 1 at 7.) "Those facts are the foundation upon which Plaintiffs contend that Defendants acted upon 'fraudulent' Writs of Execution and Notices of Levy." (Dkt. 40 at 10.)

Third, Plaintiffs object that they adequately stated a claim under 42 U.S.C. § 1983 because Defendant Charles Schwab acted under color of state law. (Dkt. 41 at 20-22.) The Report did not analyze whether Defendant Charles Schwab acted under color of state law. The issue was unnecessary to

the Report's recommendation of dismissal. Thus, the objection is misplaced.

Fourth, Plaintiffs object that the Report erroneously treats the purported assignment as the controlling issue rather than the claims pleaded in the Complaint. (Dkt. 41 at 22-24.) Specifically, Plaintiffs' object that the Report should have reviewed the adequacy of their pleading under Federal Rule of Civil Procedure 12(b)(6). (*Id.*) But the Report properly found that Plaintiffs' claims are barred by collateral estoppel (Dkt. 40 at 8-12), which was sufficient to find that Plaintiffs had failed to state a claim. *See Skilstaf, Inc. v. CVS Caremark Corp.,* 669 F.3d 1005, 1022-23 (9th Cir. 2012) (affirming dismissal for failure to state a claim where claim was barred by collateral estoppel). The Report was not required to examine whether there were any other reasons why Plaintiffs had failed to state a claim.

Also in their fourth objection, Plaintiffs object that, even if the assignment was valid, Defendants' conduct still was unlawful. (Dkt. 41 at 23.) But nowhere in their Complaint did Plaintiffs ask the Court to assume that the assignment was valid. Instead, Plaintiffs relied exclusively on the premise that the assignment was invalid because they "never assigned, transferred, or sold any interest in the 2018 Judgment" to Collect Co., which in turn allegedly made Defendants' conduct unlawful. (Dkt. 1 at 7.)

Fifth, Plaintiffs object that the Report improperly relies upon Plaintiffs' "vexatious litigant" status instead of analyzing the claims pleaded in the Complaint. (Dkt. 41 at 24-27.) The Report noted that the Orange County Superior Court had declared Plaintiffs to be vexatious litigants. (Dkt. 40 at 2 (citing Dkt. 11-10 at 2-4)). Plaintiffs object that the Report "commits a legal error by using Plaintiffs' prior litigation status to characterize the present Complaint as illegitimate before examining the conducted pleaded against the Defendant banks." (Dkt. 41 at 26.) On the contrary, the Report did not rely

on Plaintiffs' status as vexatious litigants in recommending dismissal of the Complaint. Instead, the Report explained in detail why the Complaint should be dismissed under the *Rooker-Feldman* doctrine and collateral estoppel. (Dkt. 40 at 8-14.) Thus, the objection is misplaced.

Sixth, Plaintiffs object that dismissal without leave to amend and with prejudice is erroneous. (Dkt. 41 at 27-29.) Leave to amend is not warranted because Plaintiffs' claims are barred by collateral estoppel and the *Rooker-Feldman* doctrine. *See Cooper v. Ramos*, 704 F.3d 772, 784-85 (9th Cir. 2012) (amendment is futile where action is barred by collateral estoppel and the *Rooker-Feldman* doctrine). Moreover, the Court agrees with the Report's recommendation to dismiss the action with prejudice. (Dkt. 40 at 14.) Dismissal with prejudice is proper because Plaintiffs' claims are barred by collateral estoppel. *See Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California*, 790 F.2d 1421, 1426 (9th Cir. 1986) (dismissal with prejudice of claim barred by collateral estoppel was correct).

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS ORDERED that (1) Defendants' Motions to Dismiss (Dkt. 11, 19, 30) are GRANTED; (2) Defendants' Requests for Judicial Notice (Dkt. 12, 19-2, 30-2) are GRANTED; (3) all other outstanding motions are DENIED as moot; and (4) this action is DISMISSED with prejudice.

Dated: August 14, 2026

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE